IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   v. )<br>)<br>MILTON E. McGREGOR, )<br>THOMAS E. COKER, )<br>LARRY P. MEANS, )<br>JAMES E. PREUITT, )<br>HARRI ANNE H. SMITH, and )<br>JARRELL W. WALKER, JR. ) | CRIMINAL ACTION NO.<br>   2:10cr186-MHT<br>      (WO) |

## OPINION AND ORDER

It is ORDERED that defendant Jarrell W. Walker, Jr.'s motion for an in camera review of notes or preliminary findings of the probation officer relating to defendant Ronald E. Gilley's presentence report (PSR) (Doc. No. 2304) is denied.

There is a presumption against disclosure of PSRs because revelation of such private information would have a "chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report."  United States v. Gomez, 323 F.3d 1305, 1308 (11th Cir. 2003).  Accordingly, other

circuits have held and the Eleventh Circuit has assumed that a party requesting disclosure of a PSR must demonstrate a "compelling, particularized need for disclosure." Id.

First, under even the least demanding standard that might be applicable and assuming that, like a PSR, a probation officer's unprocessed notes and inconclusive findings are even discoverable, Walker has failed to articulate any reasonable basis for his motion; the motion is nothing more than a fishing expedition. Second, he has not established how the inconclusive materials he seeks would be relevant to his cross-examination of Gilley, for the evidence does not show that Gilley is even aware of what is in these materials. Third, it is apparent from the representations made to the court on February 15, 2012, that Walker essentially wants the court to allow, during this retrial, a lengthy hearing on all the conceivable sentences Gilley might receive (including calculations under all the possibly

applicable guidelines) based on a probation officer's unprocessed notes and inconclusive findings; the court declines to allow this irrelevant, speculative sideshow.

DONE, this the 16th day of February, 2012.

                                 /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE